**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION**

MARLITE, INC.,

      Plaintiff,                CASE NO.:  10-CIV-23641-
                                                      MORENO/TORRES

v.

ALVIN ECKENROD, and MODULAR
WOOD SYSTEMS, INC.,

      Defendant(s).
_____/

**THIRD PARTY DEFENDANTS, JERRY DAGEN AND JAMES ROBBINS' MOTION FOR SANCTIONS UNDER RULE 11 AGAINST THIRD PARTY PLAINTIFF, ALVIN ECKENROD AND HIS COUNSEL, AND INCORPORATED MEMORANDUM OF LAW**

    Third Party Defendants, JERRY DAGEN ("Dagen") and JAMES ROBBINS ("Robbins"), by and through their undersigned counsel and pursuant to Rule 11, FED. R. CIV. P., hereby file their Motion for Sanctions Under Rule 11 Against Defendant/Third Party Plaintiff, ALVIN ECKENROD ("Eckenrod"), and they request entry of an Order directing Eckenrod and his counsel to pay Dagen and Robbins their reasonable attorneys' fees and expenses incurred in defending this action, including preparing this Motion for Sanctions Under Rule 11 and Incorporated Memorandum of Law.[1]

    1.    There are two independent grounds supporting imposition of sanctions under Rule 11.  First, the Third Party Complaint for indemnity is entirely frivolous because Eckenrod is at fault and therefore cannot maintain an action for indemnity.  On

---

[1] In accordance with Rule 11(c)(2), FED.R.CIV.P., Dagen and Robbins provided a copy of this motion to counsel for Eckenrod on February 21, 2012, and Eckenrod did not withdraw any claims in response.

the face of the pleadings, it is clear that Eckenrod cannot state a cause of action for indemnity against Dagen and Robbins, individually. Moreover, as set forth below, Eckenrod's deposition taken in this case also demonstrates that he is at fault and cannot maintain a case against Dagen and Robbins. A true and correct copy of the Deposition of Alvin Eckenrod dated December 15, 2011 ("Eckenrod Deposition") is attached as Exhibit "A". Second, Eckenrod previously **released** Dagen and Robbins from any and all claims before June 27, 2007 and therefore Eckenrod's indemnity claims against Dagen and Robbins are barred. A true and correct copy of the General Release executed by Eckenrod before a notary on June 27, 2007 is attached as Exhibit "B". Eckenrod admitted at deposition that he is suing Dagen and Robbins in this case only for matters occurring <u>before</u> the date of the release, June 27, 2007. (Eckenrod Deposition, 151:9-14).

## I.     Eckenrod's Third Party Complaint is Frivolous

2.     As set forth below and in Dagen and Robbins' Motion to Dismiss and to Strike the Third Party Complaint dated November 16, 2011 [D.E. 52] ("Motion to Dismiss"), and in their Reply to Eckenrod's Response to their Motion to Dismiss and to Strike dated December 15, 2011 [D.E. 63] ("Reply"), which are fully incorporated herein by this reference, Eckenrod has no viable claims against Dagen and Robbins, individually, because he cannot state a cause of action against them for indemnity.

3.     Plaintiff, Marlite, Inc. ("Marlite") sued Eckenrod for damages and injunctive relief stemming from (1) Eckenrod's own misrepresentations made to Marlite in connection with a sale of Precision Wood Products, Inc. ("Precision") to Marlite in

January 2006 (D.E. 1, Plaintiff's Complaint ("Complaint"), and (2) Eckenrod's own breach of his Non-Competition Agreement with Marlite (attached to the Complaint as Exhibit "B"). Marlite's Complaint against Eckenrod boils down to Eckenrod's misrepresentations to Marlite and Eckenrod's wrongful competition against Marlite, neither of which has anything to do with Dagen and Robbins.

4. In Eckenrod's Third Party Complaint (D.E. 32), he sued Dagen and Robbins for implied indemnity (Count I) and common law indemnity (Count II) as to Marlite's claims relating to misrepresentations Eckenrod personally made to Marlite before the sale and relating to wrongs committed by Eckenrod against Marlite after the sale. Dagen and Robbins filed a Motion to Dismiss and to Strike Eckenrod's Third Party Complaint (D.E. 52) because Eckenrod cannot prevail on his claims. Dagen and Robbins simply cannot, as a matter of law based on the claims asserted, be liable to indemnify Eckenrod for these alleged wrongs committed by Eckenrod himself. Under Florida law, Indemnity does not lie where the person bringing the claim is himself at fault, as Eckenrod is here. *Houdaille Industries, Inc. v. Edwards*, 374 So.2d 490 (Fla. 1979).

5. The duties at issue are those *directly owed by* Eckenrod to Marlite, not amorphous duties he can try to pin on Dagen and Robbins. <u>Eckenrod concedes that he directly negotiated with Marlite</u>. Eckenrod admits that he was "dealing with the [Non-Competition Agreement] while at the same time negotiating for a sale of his businesses to [Marlite]; and that Marlite "expressly promised to [Eckenrod] that he could compete through his companies". (D.E. 32, Answer, ¶19 at p.3, Defenses, ¶19 at p.13).

Eckenrod admitted during his deposition that he had direct negotiations with Marlite. (Eckenrod Deposition, 155:5-22). Thus, the entire premise of Eckenrod's attempt to drag Robbins and Dagen into this case – that any duties owed and any misrepresentations made to Marlite must have been owed and made by Dagen and Robbins and not Eckenrod – is erroneous. (Third Party Complaint, ¶¶16, 21). Eckenrod is being sued for **his own** actions and statements and no basis is alleged for Dagen and Robbins to be liable for Eckenrod's actions.

6. In his Answer, Eckenrod admitted the allegation in Paragraph 17 of Marlite's Complaint that "Eckenrod, personally, entered into a Non-Competition Agreement **as part of the APA** and which Agreement was expressly incorporated into the APA. By its express terms, Eckenrod's Non-Competition Agreement made clear that Marlite 'will not effectuate the Asset Purchase Agreement unless Eckenrod agrees to the terms and conditions set forth in [this] Agreement.'" (D.E. 1, Complaint, ¶17 at p.4; D.E. 32, Answer, ¶17 at p.2) (emphasis supplied). On the face of the pleadings, Eckenrod admitted to involvement with the APA. Therefore, the entire faulty premise of the Third Party Complaint is dismantled.

7. As set forth in the Motion to Dismiss and the Reply, under Florida law, the right to indemnity does not inure to Eckenrod because indemnity "is allowable only where the whole fault is in the one against whom indemnity is sought." *Houdaille*, 374 So.2d at 493. Based on Eckenrod's own allegations in the Third Party Complaint and the allegations of Plaintiff's Complaint which he has admitted, Dagen and Robbins are

not wholly at fault, and Eckenrod is not without fault or faultless as required under Florida law. *Id. See*, Motion to Dismiss at 4-7, 12-15; Reply at 1-4, 6.

8.  Even if Eckenrod could state a cause of action for indemnity under these circumstances, which he cannot, Eckenrod would have been required to assert his claims against Precision Wood Products, Inc., or its successor entity, DRE Manufacturing, Inc. Instead, Eckenrod improperly sued Robbins and Dagen, each "in his individual and Trustee capacity." (Third Party Complaint, D.E. 32, at p.16, ¶¶2, 3).

9.  Under Florida law, "the corporate veil may not be pierced absent a showing of improper conduct." *Dania Jai–Alai Palace, Inc. v. Sykes,* 450 So.2d 1114, 1121 (Fla.1984). "Improper conduct is present only in '"cases in which the corporation was a mere device or sham to accomplish some ulterior purpose ... or where the purpose is to evade some statute or to accomplish some fraud or illegal purpose.'" *Johnson Enter., Inc. v. FPL Group, Inc.,* 162 F.3d 1290, 1320 (11th Cir. 1998).

10. The Third Party Complaint contains **no** allegations concerning piercing the corporate veil to hold individuals liable and therefore it does not state a cause of action against Dagen and Robbins. *Aldea Communications, Inc. v. Gardner*, 725 So.2d 456, 457 (Fla. 2d DCA 1999) (dismissing complaint due to failure to allege *Dania Jai-Alai* requirements); *Delta Air Lines, Inc. v. Wilson*, 210 So.2d 761, 763 (Fla. 3d DCA 1968) (affirming dismissal of complaint for failure to allege facts entitling plaintiff to disregard corporate entity and hold officer personally liable); *Court-Appointed Receiver of Lancer Offshore, Inc. v. Citco Group Ltd.*, 2011 WL 1232986, *6-7 (S.D.Fla. Mar. 30, 2011) (dismissing piercing corporate veil theory claim).

11. The Motion to Dismiss and Reply set forth in detail why Eckenrod cannot prevail on his third party claims seeking indemnity. The Motion to Dismiss and Reply make clear that Eckenrod's indemnity claims fail for multiple reasons that are both legal and factual in nature. The reasons these indemnity claims must fail are so basic that, had Eckenrod and his counsel properly researched and investigated the claims, they would have known that Eckenrod could not possibly prevail on his indemnity claims against Dagen and Robbins. Therefore, sanctions are warranted.

12. Moreover, the deposition of Third Party Plaintiff, Eckenrod was taken, and his testimony proves that he had absolutely no basis for dragging Dagen and Robbins into this case by filing his unsupported Third Party Complaint. Specifically, on December 15, 2011, Eckenrod testified as follows:

> Q. What terms of the APA did Mr. Robbins negotiate?
> A. I have no idea. I wasn't involved.
> Q. What were the words that Mr. Robbins used when he negotiated any of the provisions of the APA?
> A. I answered that. I don't know.
> Q. **What misrepresentations did Mr. Robbins make when he negotiated the terms of the APA?**
> A. **I didn't -- I wasn't there. I don't know.**
> Q. **What false statements did Mr. Robbins make when he negotiated the terms of the APA?**
> A. **I don't know.**
> Q. Why are you suing Mr. Robbins?
> THE WITNESS: Because they sued me for something I didn't negotiate. Marlite sued me for something I didn't negotiate so we enjoined them, the officers of the corporation that negotiated that.
> Q. Marlite sued you for breaching the Non-Compete Agreement; didn't it. sir?
> A. In this lawsuit?
> Q. Yes, sir.
> THE WITNESS: I believe so.
> Q. **Did Mr. Robbins have anything to do with the negotiation of your Non-Compete Agreement with Marlite?**

A. **No.** (123:4-124:14).[2]
Q. **Do you have any knowledge, as you sit here today. sir, of any specific comments or statements made by Mr. Robbins in the negotiation of/he APA that you believe were false?**
A. **No.**
Q. If Mr. Robbins told the truth in the 17 negotiations he may have had with Marlite concerning the APA, why are you suing him?
A. I don't know what Jimmy said, Mr. Robbins said.
Q. Why are you suing him? (125:11-21).
THE WITNESS: Because he was the officer and director at the time or one of the officers and directors at the time of the sale.
Q. Any other reason?
A. Not to my knowledge.
Q. Are you aware that Mr. Robbins did not sign the AP A in his individual capacity?
A. Yes.
Q. Are you aware he didn't even sign it?
A. Yes.
Q. Are you aware that Mr. Dagen did not sign in his individual capacity?
A. Yes.
Q. Are you aware that his signature is as an officer of Precision Wood?
A. Yes.
Q. You have not sued DRE; have you, sir?
A. I am not sure if it was Precision or DRE.
Q. You haven't sued either of them; have you?
A. Not to my knowledge. (126:8-127:3).
Q. Are you aware of any conversations that Mr. Robbins had with any representative of Marlite including Mr. Popa concerning your Non-Compete Agreement?
A. No.
Q. **Are you aware of any conversations that Mr. Dagen had with anyone on behalf of Marlite including Mr. Popa concerning your Non-Compete Agreement?**
A. **No.**
Q. **So to the extent that you're being sued by Marlite in this lawsuit for breach of your Non-Compete Agreement you would agree with me, sir, would you not, that Mr. Robbins and Mr. Dagen have nothing to do, whatsoever, with your exposure, your liability, or the wrongs that are being alleged against you by Marlite in this lawsuit; correct?** (131:9-24).
THE WITNESS: **I am not a lawyer. I don't know.**

---

[2]  All objections and colloquy of counsel have been omitted.  A copy of the full and complete deposition is attached hereto as Exhibit "A".

Q. **Well, do you know what role, if any, what actions, if any, Mr. Robbins and Mr. Dagen took with respect to your Non-Compete Agreement for which you believe they're liable to you?**
THE WITNESS: **No.** (132:2-10).
Q. Ever seen anything in writing that says that Mr. Robbins and Mr. Dagen owe you money for your breaches of your agreements with Marlite?
THE WITNESS: No. (133:19-25).
Q. Has Jerry Dagen breached any of the terms or provisions of the Asset Purchase Agreement?
A. I don't know.
Q. Has Mr. Robbins?
A. I don't know.
Q. Do you have any facts in your knowledge that might lead you to believe that they have breached any of the provisions of that agreement?
A. They negotiated it. I don't know what they did. (136:5-14).
Q. **So to the best of your knowledge and understanding all of the representations of Precision in the Asset Purchase Agreement were true at the time that they were made?**
A. **To my knowledge, to the best of my knowledge.** (137:11-20).
Q. You're aware, are you not, sir, that Mr. Dagen played no role whatsoever in the negotiations of this Non-Competition Agreement?
A. Yes.
Q. You are aware that Mr. Robbins played no role whatsoever in the negotiations of this Non-Competition Agreement?
A. Yes.
Q. Tell us why, sir, you believe that if you're deemed to be liable to Marlite for a breach of this Non-Competition Agreement, Exhibit 8, that you believe Mr. Robbins and Mr. Dagen are indebted to you?
A. It is a legal question, I cannot answer that.
Q. Do you believe that if you're found liable under this Non-Competition Agreement, that it is due to any actions or inactions of Mr. Robbins and Mr. Dagen?
THE WITNESS: I am not a lawyer. I don't know.
Q. **Are you aware of any facts that Mr. Robbins or Mr. Dagen have taken any steps or done anything that would constitute your violation of this Non-Competition Agreement?**
A. **To my non-competition, no.**
Q. Are you aware of any actions or inactions by Mr. Robbins and Mr. Dagen that might make you liable for breach of the Asset Purchase Agreement to Marlite?
A. I wasn't party to the Asset Purchase Agreement.
Q. Yes, sir. But I am asking you are being sued under that agreement. Are you aware of that, sir?
A. Yes.

> Q. If you are found liable for breach of that agreement, are you aware of any facts that would show or tend to show that your breach of that agreement was due to actions or inactions by Mr. Robbins and Mr. Dagen?
> THE WITNESS: I am not a lawyer.
> Q. **Are you aware of any facts, sir, that would show that Mr. Dagen or Mr. Robbins did anything to cause you to breach the Asset Purchase Agreement?**
> A. **No.** (141:25-144:6).
> (emphasis added).

13. Therefore, as demonstrated by Eckenrod's own testimony, the Third Party Complaint is entirely without any factual basis to sue Dagen and Robbins.

## II.     **Eckenrod's Third Party Complaint is Barred by his General Release**

14. Moreover, Eckenrod previously **released** Dagen and Robbins from any and all claims and therefore Eckenrod's indemnity claims against Dagen and Robbins are barred. *See*, Exhibit "B". Basic factual investigation would have revealed the existence of Eckenrod's broad General Release of Dagen and Robbins (and DRE Manufacturing, Inc., f/k/a Precision Wood Products, Inc.), and therefore sanctions are warranted.

15. The negotiations and sale at issue in this case all took place a year and a half before the General Release, in late 2005 and early 2006, as alleged in the Complaint and the Third Party Complaint. The General Release broadly releases all claims "to the day" of the Release -- June 27, 2007. Thus, Eckenrod's claims against Dagen and Robbins alleged in the Third Party Complaint were released. Any and all claims relating to all of the conduct, representations, and underlying facts and

circumstances alleged in Eckenrod's Third Party Complaint are clearly governed and barred by Eckenrod's broad General Release of Dagen and Robbins.[3]

16.  Third Party Plaintiff, Eckenrod conceded at his deposition that he provided a release to Dagen and Robbins as part of a settlement of the prior lawsuit. (Eckenrod Deposition, 127:16-19).  Eckenrod conceded that he is not suing Dagen and Robbins for anything that they did after June 27, 2007, the date of the release. (Eckenrod Deposition, 151:9-11). Eckenrod conceded that he is suing Dagen and Robbins for actions took before June 27, 2007, the date of the release. (Eckenrod Deposition, 151:12-14).

17.  However, the Third Party Complaint bringing Dagen and Robbins into this case makes no mention of the Release.  Therefore, Rule 11 sanctions are plainly warranted.  *See, e.g.*, *Blackwell v. Department of Offender Rehabilitation*, 807 F.2d 914, 915 (11th Cir. 1987) (upholding trial court's imposition of sanctions under Rule 11, based on "lack of factual candor", where counsel's "initial brief in support of this motion [for attorneys' fees award] made no mention of the releases executed by appellants, which expressly included attorney's fees and costs"); *Bautista v. Star Cruises*, 696 F.Supp.2d 1274, 1278-1280 (S.D.Fla. 2010) (Rule 11 sanctions warranted where

---

[3] Specifically, the General Release broadly states that Eckenrod "Hereby remise, release, acquit, satisfy, and forever discharge [Dagen and Robbins], of and from, all, and all manner of action, and actions, causes and causes of action, suits, debts, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, variances, trespasses, damages, judgments, executions, claims and demands whatsoever, in law or in equity, which [Eckenrod] ever had, now has, or which any personal representative, successor, heir or assign of [Eckenrod], hereafter can, shall or may have, against [Dagen and Robbins], for, upon or by any reason of any matter, cause or thing whatsoever, from the beginning of the world to the day of these presents, including without limitation all claims raised or which could have been raised in that certain case styled: Alvin Eckenrod v. DRE Manufacturing, Inc., F/K/A/ Precision Wood Products, Inc., Jerry Dagen and James Robbins, Case No.: 06-19247 CA 40, in the 11th Judicial Circuit in and for Miami-Dade County, Florida."

plaintiffs' counsel failed to inform court of existence of settlement agreements and releases, which were dispositive and barred Plaintiffs' motion to supplement and amend their complaint; "Plaintiffs' counsel showed a deliberate indifference to obvious facts.").

## Memorandum of Law

Rule 11 permits district courts to sanction attorneys and/or the parties they represent for the prosecution of baseless claims. Rule 11(c), FED. R. CIV. P.  Filing pleadings that are based on a legal theory that has no reasonable chance of success and that cannot be advanced as a reasonable argument to change existing law, violates Rule 11. *Jones v. International Riding Helmets, Inc.*, 49 F.3d 692, 694 (11th Cir. 1995).  Filing a pleading where the party's claims are objectively frivolous -- in view of the facts or law -- and where the person who signed the pleadings would have been aware that they were frivolous if he or she had he made a reasonable inquiry, violates Rule 11.  *Id.* at 695.

"In analyzing whether Rule 11 sanctions are appropriate, a district court first must determine whether a party's claims are 'objectively frivolous' in view of the facts or law. If the court finds they are, it must determine that the person who signed the pleading 'should have been aware that they were frivolous; that is, whether he would have been aware had he made a reasonable inquiry.'" *Boone v. JP Morgan Chase Bank*, 2011 WL 5965788 (11th Cir. Nov. 30, 2011).  Here, Eckenrod's third party indemnity claims are objectively frivolous and a reasonable inquiry would have revealed same.

By filing baseless indemnity claims against Dagen and Robbins, and failing to make a reasonable inquiry under the circumstances, Eckenrod and his counsel have violated Rule 11 here.

The Court would be well within its discretion to award Rule 11 sanctions to Dagen and Robbins in an amount equal to the attorneys' fees and expenses that Dagen and Robbins have incurred in having to defend this case, including opposing the claims asserted against them by Eckenrod.

Eckenrod and his counsel failed to conduct, before filing the Third Party Complaint, the "inquiry reasonable under the circumstances" mandated by Rule 11 and blatantly disregarded established law.  A reasonable inquiry would have revealed that: (1) Dagen and Robbins, individually are improper parties and Eckenrod failed to assert any allegations to pierce the corporate veil; (2) Eckenrod's claims against Robbins and Dagen fail to satisfy the requirements of Rule 14(a), FED. R. CIV. P.; (3) Eckenrod fails to state a cause of action against Dagen and Robbins for implied indemnity; (4) Eckenrod fails to state a cause of action against Dagen and Robbins for common law indemnity; (5) Eckenrod cannot bring a claim for indemnity against Robbins and Dagen where he is at fault; and (6) Robbins and Dagen cannot be vicariously, constructively or derivatively liable for Eckenrod's own misrepresentations to Marlite and wrongful acts against Marlite and there is no special relationship alleged which would could make them liable. *See*, Motion to Dismiss [D.E. 52]; Reply [D.E. 63].  These infirmities of Eckenrod's claims against Dagen and Robbins are apparent from the face of the Third Party Complaint (with exhibits).

Even in the unlikely event that Eckenrod's third party indemnity claims survive dismissal, his claims cannot ultimately survive factual or legal scrutiny by the Court, either through FED. R. CIV. P. 56 motions or trial.  At the heart of Eckenrod's meritless

Third Party Complaint, is an attempt to blame Dagen and Robbins for Eckenrod's own wrongs. That theory cannot stand.

Finally, as pointed out above, in June 2007, Eckenrod broadly released Dagen and Robbins from any and all claims. *See*, Exhibit "B". The General Release absolutely bars Eckenrod's Third Party Complaint against Dagen and Robbins.

With respect to Eckenrod's indemnity claims asserted here, basic legal research and factual investigation would have revealed that the claims are not "warranted by existing law or by a nonfrivolous argument for extending, modifying or reversing existing law or for establishing new law." Rule 11(b)(2), FED. R. CIV. P. Eckenrod has forced Dagen and Robbins to incur thousands of dollars in legal fees due to his filing a frivolous Third Party Complaint dragging them into this case with no factual or legal basis.

## Conclusion

As set forth above, there are two wholly independent grounds upon which this Motion for Sanctions is based. First, Eckenrod and his counsel violated Rule 11 by filing the Third Party Complaint against Dagen and Robbins in the face of well-established case law demonstrating that the indemnity claims lack a legal and factual basis. Second, in June 2007, well after the material time period, Eckenrod released any and all claims against Dagan and Robbins and therefore his indemnity claims are barred. *See*, Exhibit "B". Dagen and Robbins have been required to expend significant time and money defending themselves against these baseless claims. As a result, under either or both grounds, this Court should award Dagen and Robbins sanctions under Rule 11.

CASE NO.: 10-CIV-23641-MORENO/TORRES

WHEREFORE, Third Party Defendants, JAMES ROBBINS and JERRY DAGEN, respectfully request that this Court enter an Order sanctioning Defendant/Third Party Plaintiff, ALVIN ECKENROD, and his counsel pursuant to Rule 11( c ), Fed. R. Civ. P., by awarding Dagen and Robbins the fees and costs they incurred in moving to dismiss and strike the Third Party Complaint, preparing this Motion for Sanctions Under Rule 11, otherwise defending this action, and for such other and further relief as this Court deems just, equitable and proper.

Respectfully submitted,

**Solowsky & Allen, P.L.**
*Attorneys for Third Party Defendants*
915 Miami Center
201 S. Biscayne Boulevard
Miami, Florida 33131
Telephone No. (305) 371-2223
Facsimile No. (305) 373-2073
Email:  rallen@salawmiami.com


By:   s/ Richard L. Allen_____
       RICHARD L. ALLEN
       Florida Bar No. 295485

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 26 day of July, 2012, I electronically filed the foregoing with the Clerk of Court using CM/ECF.  I also certify that the foregoing is being served this day on all counsel of record or pro se parties on the attached Service List via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to electronically receive Notices of Electronic Filing.

By:    s/ Richard L. Allen_____
       RICHARD L. ALLEN

CASE NO.: 10-CIV-23641-MORENO/TORRES

## SERVICE LIST

Angela M. Lavin
Email: amlavin@wegmanlaw.com
Christopher A. Holecek
Email: caholecek@wegmanlaw.com
Peter A. Hessler
Email: pahessler@wegmanlaw.com
Wegman Hessler & Vanderburg
6055 Rockside Woods Boulevard, Suite 200
Cleveland, OH 44131
216-642-3342
Fax: 216-520-0145

Brian Marcus McKell
Wilson Elser Moskowitz Edelman & Dicker
Bank of America Tower
100 SE 2nd Street, Suite 3800
Miami, FL 33131
305-374-4400
Fax: 579-0261
Email: Brian.McKell@wilsonelser.com

Andrew Carey Barnard
9655 S Dixie Highway
Miami, FL 33156
305-665-0000
Fax: 669-9666
Email: andrewbarnard@yahoo.com

Lance Armstrong
1351 NW 16th Street
Miami, FL 33125
305-547-2555
Fax: 954-962-9172
Email: lalaw500@aol.com

m:\main\precision\eckenrod\marlite v. eckenrod-10-civ-23641\motions\m-for-rule-11-sanctions-2-filed on 7-26-2012.docx

SOLOWSKY & ALLEN, P.L.
915 MIAMI CENTER - 201 S. BISCAYNE BOULEVARD, MIAMI, FLORIDA 33131 TEL (305) 371-2223