IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

MARLITE, INC.,

       Plaintiff,                            CASE NO.:  10-CIV-23641-
                                                     MORENO/TORRES

v.

ALVIN ECKENROD, and MODULAR
WOOD SYSTEMS, INC.,

       Defendant(s).
_____/

### THIRD PARTY DEFENDANTS, JERRY DAGEN AND JAMES ROBBINS' REPLY IN SUPPORT OF THEIR MOTION FOR SANCTIONS UNDER RULE 11 AGAINST THIRD PARTY PLAINTIFF, ALVIN ECKENROD AND HIS COUNSEL

Third Party Defendants, JERRY DAGEN ("Dagen") and JAMES ROBBINS ("Robbins"), by and through their undersigned counsel and pursuant to Rule 11, FED. R. CIV. P., hereby file their Reply in Support of their Motion for Sanctions Under Rule 11 Against Defendant/Third Party Plaintiff, ALVIN ECKENROD ("Eckenrod") dated July 26, 2012 [D.E. 113] ("Motion"), and in opposition to Eckenrod's Response in Opposition to the Motion dated August 7, 2012 [D.E. 116] ("Response").

**1. Sanctions Under Rule 11 are Appropriate in This Case**

In accordance with Rule 11(c)(2), FED. R. CIV. P., Dagen and Robbins provided a copy of their Rule 11 Motion to counsel for Eckenrod on February 21, 2012, and Eckenrod did not withdraw any claims in response.  Third Party Defendants' Motion filed in Court on July 26, 2012 is the same as the Motion provided to counsel for Eckenrod on February 21, 2012.  *Robinson v. Alutiq-Mele, LLC*, 643 F.Supp.2d 1342, 1350-1351

(S.D.Fla. 2009) ("By its plain language, Rule 11 requires a movant to file and serve *the same* sanctions motion.").

Eckenrod argues sanctions cannot be imposed upon a party, as opposed to the party's counsel. (Response at 8). However, Rule 11 allows imposition of *non-monetary* sanctions against both a party and his counsel. Rule 11(c)(4), FED. R. CIV. P. ("The sanction may include non-monetary directives…"). Under Rule 11(c)(5), there is a limitation such that a court must not impose a *monetary* sanction against a represented party for violating Rule 11(b)(2). Thus, the request for sanctions against both Eckenrod and his counsel is not "fatally and substantively flawed" as Eckenrod claims. (Response at 8). Rather, the imposition of sanctions against a party is authorized under Rule 11 in certain circumstances. *In re BankAtlantic Bancorp., Inc. Securities Litigation*, -- F.Supp.2d --, 2011 WL 7478796 *18 (S.D.Fla. Aug. 3, 2011) ("Sanctions against a represented party are warranted when the party knew or should have known that the allegations contained in the complaint were frivolous.").

Eckenrod argues that since the Court denied Third Party Defendants' motion to dismiss the Third Party Complaint, the Court already found the Third Party Complaint was legally sufficient and therefore sanctions are not warranted. (Response at 1, n.1). The Court's denial of Dagen and Robbins' Motion to Dismiss the Third Party Complaint does not mean that imposition of sanctions under Rule 11 is inappropriate. Generally, the standards under Rule 12(b)(6) and Rule 11 are different. *In re Miller*, 2011 WL 476599 *3 (11th Cir. Feb. 10, 2011) ("motions to dismiss and motions for sanctions serve different purposes and are governed by different standards").

Additionally, under Rule 11, after a party's claim survives the dismissal stage of a case, a court may decide to grant sanctions because a party fails to withdraw a non-meritorious pleading or position during the course of a case when it becomes clear there is no evidence to support the party's claim. *Thomas v. Capital Security Services, Inc.*, 836 F.2d 866, 874 (5th Cir. 1988) (Rule 11 applies to each paper signed by counsel during the course of the proceedings and requires that each filing reflect a reasonable inquiry).

In this case, instead of continuing to prosecute the indemnity claims against Dagen and Robbins after it became apparent that there is *no evidence* to support such claims, the claims should have been withdrawn. *See*, Rule 11 advisory committee's note to 1993 Amendment ("The rule continues to require litigants to 'stop-and-think' before initially making legal or factual contentions. It also, however, emphasizes the duty of candor by subjecting litigants to potential sanctions for insisting upon a position *after it is no longer tenable* and by generally providing protection against sanctions if they withdraw or correct contentions after a potential violation is called to their attention.") (emphasis supplied).

Moreover, in denying Dagen and Robbins' motion to dismiss the Third Party Complaint, the Court indicated that at the summary judgment stage, Eckenrod would be required to come forward with some *evidence* to support his claims. In the Magistrate Judge's Report and Recommendation on Motions to Dismiss and to Amend Third Party Complaint on February 27, 2012 [D.E.84], the Magistrate Judge stated:

> We recommend that the motion to strike be denied. For reasons outlined above, if Marlite were to prevail in its claims against Eckenrod and Modular, and

> Eckenrod somehow prevailed in his claims, Dagen and Robbins could end up being liable for Marlite's damages. The Court will, of course, have to consider at summary judgment whether there is in fact any evidence to support some or all of Eckenrod's theory.

Report and Recommendation [D.E. 84 at 17]. The Court adopted and affirmed the Report and Recommendation in its Order Adopting Magistrate Judge's Report and Recommendation and Denying Motion to Dismiss dated March 23, 2012 [D.E. 88]. In fact, Eckenrod was unable to come forward with any evidence to support his indemnity theory, as demonstrated by Third Party Defendants in their summary judgment motion [D.E. 101 at 14-16].

Thus, the Third Party Complaint should never have been filed, and it should have been withdrawn during the case because there is no evidence to support it.

2. **Eckenrod's Indemnity Claims are Frivolous**

Eckenrod's indemnity claims against Dagen and Robbins, individually, are frivolous, based on faulty logic, and contrary to the evidence. The Third Party Complaint for indemnity does not lie because Eckenrod is at fault and therefore he cannot maintain an action for indemnity. Under Florida law, indemnity does not lie where the person bringing the claim is himself at fault, as Eckenrod is here. *Houdaille Industries, Inc. v. Edwards*, 374 So.2d 490 (Fla. 1979).

Eckenrod claims he "had no choice but to seek indemnity against the only people who had the authority to make representations on behalf of Precision; Dagen and Robbins." (Response at 3). Throughout this case, Eckenrod has relied on this theory that any representation "must have been made" by Dagen and Robbins [D.E. 32, p. 18], as the flimsy justification for dragging Dagen and Robbins in to this case.

Eckenrod's flawed indemnity theory is based on his claim that he himself played no role in the negotiation of the APA.  However, Eckenrod's assertion that he was not involved in the APA is belied by substantial evidence, and Eckenrod and his counsel must have known at the time they decided to file the Third Party Complaint and thereafter that Eckenrod did in fact directly negotiate with John Popa of Marlite in connection with the APA.[1]   Yet, contrary to his own pleadings and testimony, Eckenrod continues to assert that he had "nothing to do with any negotiations" of the APA. (Response at 7).

Eckenrod claims that "central" to the issue of whether his Third Party Complaint is "frivolous" is "whether Dagen and Robbins – through misrepresentations that they may have made to Mr. Popa/Marlite in the sale of [Precision] -- lied and denied that

---

[1] Eckenrod testified he negotiated *directly* with Popa on his Non Compete Agreement, which "was incorporated into the APA." (Eckenrod 12/15/2011 Deposition ("Eckenrod Dep."), 128:9-24, 155:5-22). Eckenrod conceded that his Non Compete Agreement was a key part of the transaction. (Eckenrod Dep., 155:13-18; D.E. 32-2, pp. 20, 21, 31; D.E. 32-3, p. 1). Popa testified he negotiated *directly* with Eckenrod regarding the purchase of Precision (Popa Dep., 70:1-16 (Precision's accounts payable, monies owed to Modular); Popa trial testimony in *Marlite I*, D.E. 40-1, pp. 196:5-197:9 ("I also went down to Claudeville to meet with Mr. Eckenrod at his place."), in addition to negotiating Eckenrod's Non Compete Agreement. (Popa Dep., 17:5-18:2, 45:21-46:17, 47:7-48:4, 116:12-15, 117:14-118:1). In Eckenrod's Answer and Defenses, Eckenrod admitted he directly negotiated with Marlite in that he was "dealing with the [Non-Competition Agreement] while at the same time negotiating for a sale of his businesses to [Marlite]; and that Marlite "expressly promised to [Eckenrod] that he could compete through his companies". (D.E. 32, Answer, ¶19 at p.3, Defenses, ¶19 at p.13).   In his Answer, Eckenrod admitted the allegation in Paragraph 17 of Marlite's Complaint that "Eckenrod, personally, entered into a Non-Competition Agreement *as part of the APA* and which Agreement was expressly incorporated into the APA. By its express terms, Eckenrod's Non-Competition Agreement made clear that Marlite 'will not effectuate the Asset Purchase Agreement unless Eckenrod agrees to the terms and conditions set forth in [this] Agreement.'"   (D.E. 1, Complaint, ¶17 at p.4; D.E. 32, Answer, ¶17 at p.2) (emphasis supplied).

Eckenrod/Modular Wood was selling slatwall into Florida." (Response at 2). However, Eckenrod has *no* evidence of any supposed lies.

Eckenrod claims that John Popa of Marlite testified that Dagen and Robbins "both made a misrepresentation regarding Eckenrod's actions. [albeit denied by everyone else]". (Response at 2, and n.2). The testimony Eckenrod relies upon for this point is Popa's testimony that Dagen and Robbins allegedly said Eckenrod and his company, Modular Wood Systems, Inc. ("Modular") were not competing in Florida. (Response at 2-3). Eckenrod relies on the following testimony of Popa:

> Q. Okay. Now, did Mr. Dagen say that Eckenrod wasn't competing?
> A. Yes.  (Popa 12/16/2011 Deposition, [D.E. 71] ("Popa Dep."), 55:22-24).
>
> Q. Did Mr. Robbins tell you that Modular wasn't competing in Florida?
> A. Yes.  (Popa Dep., 56:9-11).

(Response at 2-3). These alleged statements from Dagen and Robbins to Popa, even if made, are irrelevant to support Eckenrod's Response because any such statements were true – Eckenrod and Modular were not "competing" with Precision before Marlite purchased Precision.[2] Thus, whether Dagen and Robbins made any such statements is irrelevant and cannot support Eckenrod's indemnity theory.[3] There were no "misrepresentations" by Dagen and Robbins.

---

[2] Rather, prior to the January 2006 APA, Modular sold slatwall to certain customers in Florida including Home Depot, Modular fulfilled orders Precision could not fill, and Precision and Modular had a relationship akin to an "alliance" -- not "competition". All of the parties apparently agree on this fact.  *See*, Marlite's Motion for Partial Summary Judgment [D.E. 67], p. 20; Eckenrod Dep., 161:3-16; Dagen 1/12/2012 Dep. [D.E. 75-5], 37:8-10; Robbins 1/12/2012 Dep. [D.E. 80-1], 26:1-9.

[3] Further, as set forth in Dagen and Robbins' summary judgment motion [D.E. 101 at 16-17], any such statements could not have been relied on by Marlite or Popa as a matter of law due to the integration clause and the parol evidence rule.

Eckenrod is being sued by Marlite for *his own* actions and representations. Eckenrod is solely at fault and Dagen and Robbins are not at fault; thus, under well-established Florida law, indemnity simply does not lie. There is a two-part test to prevail on a claim for indemnity under the common law of Florida. "First, the party seeking indemnification must be without fault, and its liability must be vicarious and solely for the wrong of another. Second, indemnification can only come from a party who was at fault." *Foley v. Luster*, 249 F.3d 1281, 1288 (11th Cir. 2001) (quoting, *Dade County Sch. Bd. v. Radio Station WQBA*, 731 So.2d 638, 642 (Fla.1999)).

### 3. **Eckenrod's General Release of Dagen and Robbins Bars the Third Party Complaint**

Eckenrod's General Release of Dagen and Robbins dated June 27, 2007 bars his claims asserted in the Third Party Complaint, all of which are based on Dagen and Robbins' alleged actions taken or statements made in December 2005 or January 2006. Based on Eckenrod's Release, the Magistrate Judge recommended that Dagen and Robbins' summary judgment motion be granted and that the Third Party Complaint be dismissed. (Magistrate Judge's July 13, 2012 Report and Recommendation on Pending Motions [D.E. 111] ("Report and Recommendation")).

Eckenrod argues that the Release contains exceptions which are not set forth in the Release itself, and that the Release does not bar his claims when it is considered *in pari materia* with a Mediation Agreement. (Response at 6-8). Neither argument is correct.

Eckenrod does not rely on any express provision of the Release itself. The broad exceptions Eckenrod seeks to read into the Release are not set forth in the Release. (Response at 6-8). In fact, as recognized by the Magistrate Judge, Eckenrod's General

Release broadly releases Dagen and Robbins from all claims including *future* claims that Eckenrod "hereafter can, shall or may have" stemming from the beginning of the world to the date of the Release -- June 27, 2007. (Report and Recommendation at 34; General Release [D.E. 101-1]).

Eckenrod relies upon Paragraph 2 of the Mediation Agreement which states, "[t]he parties will sign appropriate documentation to voluntarily dissolve Defendant, DRE MANUFACTURING, INC. Defendants will wind down the company (DRE) and will indemnify Plaintiff from any and all further obligations relating to DRE." (Response at 7 (quoting Mediation Agreement [D.E. 101-3])). Eckenrod contends that, "the General release did not absolve Messer's Dagen & Robbins, as officers and directors of the now defunct DRE LTD, from their future duty contained in the indemnity clause of the mediation Agreement to 'indemnify [Eckenrod] from any and all further obligations relating to DRE'." (Response at 7). Eckenrod then claims that the "further obligations" which supposedly were not released are "alleged breaches of the APA claimed by Plaintiff … and the representations which form the basis of Plaintiff's claims…". (Response at 7). However, any alleged "breaches and representations" which form the basis of Plaintiff, Marlite, Inc.'s claims occurred in December 2005 or January 2006, five or six months before the June 27, 2007 Release, and therefore claims relating to them were released.

In fact, Eckenrod *admitted* during his deposition in this case in December 2011 that he is suing Dagen and Robbins in this case <u>only</u> for matters occurring <u>before</u> the date of the Release. Eckenrod testified:

> Q. Are you suing Mr. Dagen and Mr. Robbins for anything they did after June 17th of 2007?
> A. No.
> Q. You're suing them for actions they took before that date; correct?
> A. Correct. (Eckenrod 12/15/2011 Deposition [D.E. 101-2], 151:9-14).

Thus, the Release voluntarily entered into by Eckenrod, whether considered *in pari materia* with the Mediation Agreement or not, bars Eckenrod's causes of action against Dagen and Robbins in this case. Based on the plain language of the Release and the Mediation Agreement, the Magistrate Judge ruled that even if the documents are construed together, Eckenrod's indemnity claims are barred. (Report and Recommendation at 36-37).

In conclusion, Dagen and Robbins respectfully request that the Court grant their Motion for Sanctions Under Rule 11 [D.E. 113], and grant such other and further relief as the Court deems just, necessary and proper.

Respectfully submitted,

**SOLOWSKY & ALLEN, P.L.**
*Attorneys for Third Party Defendants*
915 Miami Center
201 S. Biscayne Boulevard
Miami, Florida 33131
Telephone No. (305) 371-2223
Facsimile No. (305) 373-2073
Email: rallen@salawmiami.com

By: s/ Richard L. Allen
 RICHARD L. ALLEN
 Florida Bar No. 295485

CASE NO.: 10-CIV-23641-MORENO/TORRES

## **CERTIFICATE OF SERVICE**

    I HEREBY CERTIFY that on this 15th day of August, 2012, I electronically filed the foregoing with the Clerk of Court using CM/ECF. I also certify that the foregoing is being served this day on all counsel of record or pro se parties on the attached Service List via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to electronically receive Notices of Electronic Filing.

                                                                 By: s/ Richard L. Allen
                                                                     RICHARD L. ALLEN

SOLOWSKY & ALLEN, P.L.
915 MIAMI CENTER - 201 S. BISCAYNE BOULEVARD, MIAMI, FLORIDA 33131 TEL (305) 371-2223

CASE NO.: 10-CIV-23641-MORENO/TORRES

## **SERVICE LIST**

Angela M. Lavin
Email: amlavin@wegmanlaw.com
Christopher A. Holecek
Email: caholecek@wegmanlaw.com
Peter A. Hessler
Email: pahessler@wegmanlaw.com
Wegman Hessler & Vanderburg
6055 Rockside Woods Boulevard, Suite 200
Cleveland, OH 44131
216-642-3342
Fax: 216-520-0145

Brian Marcus McKell
Wilson Elser Moskowitz Edelman & Dicker
Bank of America Tower
100 SE 2nd Street, Suite 3800
Miami, FL 33131
305-374-4400
Fax: 579-0261
Email: Brian.McKell@wilsonelser.com

Andrew Carey Barnard
9655 S Dixie Highway
Miami, FL 33156
305-665-0000
Fax: 669-9666
Email: andrewbarnard@yahoo.com

Lance Armstrong
1351 NW 16th Street
Miami, FL 33125
305-547-2555
Fax: 954-962-9172
Email: lalaw500@aol.com

m:\main\precision\eckenrod\marlite v. eckenrod-10-civ-23641\8-15-2012 filing\reply-mtn-rule-11.docx

SOLOWSKY & ALLEN, P.L.
915 MIAMI CENTER - 201 S. BISCAYNE BOULEVARD, MIAMI, FLORIDA 33131 TEL (305) 371-2223