UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

**Case Number:  10-23641-CIV-MORENO**

MARLITE, INC.,

        Plaintiff,

vs.

ALVIN ECKENROD,

        Defendant.

_____/

## COURT'S INSTRUCTIONS TO THE JURY

**MEMBERS OF THE JURY**:

I will now explain to you the rules of law that you must follow and apply in deciding this

case. When I have finished you will go to the jury room and begin your discussions – what we call

your deliberations.

## JURY INSTRUCTION NO. 1

In deciding the case you must follow and apply all of the law as I explain it to you, whether you agree with that law or not; and you must not let your decision be influenced in any way by sympathy or by prejudice, for or against anyone.

The fact that a corporation is involved as a party must not affect your decision in any way. A corporation and all other persons stand equal before the law and must be dealt with as equals in a court of justice. In general, a corporation is responsible under the law for any of the acts and statements of its employees that are made within the scope of their duties as employees of that corporation.

In your deliberations you should consider only the evidence --that is, the testimony of the witnesses and the exhibits I have admitted in the record--but as you consider the evidence, both direct and circumstantial, you may make deductions and reach conclusions which reason and common sense lead you to make. "Direct evidence" is the testimony of one who asserts actual knowledge of a fact, such as an eyewitness. "Circumstantial evidence" is proof of a chain of facts and circumstances tending to prove, or disprove, any fact in dispute. The law makes no distinction between the weight that you may give to either direct or circumstantial evidence.

Remember that anything the lawyers say is not evidence in the case. And, except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your decision concerning the facts. It is your own recollection and interpretation of the evidence that controls.

## JURY INSTRUCTION NO. 2

Now, in saying that you must consider all of the evidence, I do not mean that you must accept all of the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision you may believe or disbelieve any witness, in whole or in part. Also, the number of witnesses testifying concerning any particular dispute is not controlling.

In deciding whether you believe or do not believe any witness I suggest that you ask yourself a few questions: Did the witness impress you as one who was telling the truth? Did the witness have any particular reason not to tell the truth? Did the witness have a personal interest in the outcome of the case? Did the witness seem to have a good memory? Did the witness have the opportunity and ability to observe accurately the things he or she testified about? Did the witness appear to understand the questions clearly and answer them directly? Did the witnesses' testimony differ from other testimony or evidence?

## JURY INSTRUCTION NO. 3

You should also ask yourself whether there was evidence tending to prove that the witness testified falsely concerning some important fact; or, whether there was evidence that at some other time the witness said or did something, or failed to say or do something, which was different from the testimony he or she gave before you during the trial.

You should keep in mind, of course, that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it, because people naturally tend to forget some things or remember other things inaccurately.  So, if a witness has made a misstatement, you need to consider whether that misstatement was simply an innocent lapse of memory or an intentional falsehood; and the significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

## JURY INSTRUCTION NO. 4

### Depositions and Objections

Depositions are sworn answers given to questions posed outside of the courtroom. Depositions that have been read to you or shown to you on videotape are also evidence. Depositions contain sworn testimony, with the lawyers for each party being entitled to ask questions. Deposition testimony may be accepted by you, subject to the same instructions that apply to witnesses testifying in open court.

Attorneys are allowed and in some instances required to make objections. You should not hold it against any attorney because that attorney made objections.

## JURY INSTRUCTION NO. 5

### Burden of Proof

In this case any party claiming damages has the responsibility to prove every essential part of its contention by a "preponderance of the evidence." This is sometimes called the "burden of proof," the "burden of persuasion," or the "greater weight of the evidence."

A preponderance of the evidence simply means an amount of evidence which is enough to persuade you that a claim or contention is more likely true than not true.

Some of you may have heard of proof beyond a reasonable doubt, which is the proper standard of proof in a criminal trial. The reasonable doubt standard is a stricter standard, *i.e.*, it requires more proof than a preponderance of the evidence. The reasonable doubt standard does not apply to a civil case and you should therefore put it out of your mind.

## JURY INSTRUCTION NO. 6

### Claims of Marlite, Inc.

In this case, Plaintiff Marlite, Inc. has asserted four claims against Defendant Alvin Eckenrod.

In Count 6, Marlite, Inc. claims that the Defendant breached the terms of a non-competition agreement.

In Count 2, Marlite, Inc. claims that Modular Wood Systems, Inc.'s sales of slatwall in Florida constituted a violation of the non-competition agreement and that this was a tortious interference with contract. Marlite, Inc. claims that Defendant Eckenrod misrepresented that Modular Wood Systems, Inc. was not selling slatwall in Florida as of January 31, 2006.

In Count 3, Marlite, Inc. claims fraudulent inducement into a contract.

In Count 4, Marlite, Inc. claims negligent misrepresentation.

Defendant Eckenrod denies all the claims.

## JURY INSTRUCTION NO. 7

Plaintiff Marlite, Inc. alleges that Defendant Alvin Eckenrod failed to perform his obligations under a contract. The party alleging that the agreement was broken must prove:

First:   That a contract existed between them;

Second:   Substantial performance of its contractual duties by the party seeking damages.

Third:   That the opposing party breached or broke its contract;

Fourth:   That as a consequence of the breach, the other party suffered damages.

As part of Marlite's acquisition of the assets of Precision, Eckenrod entered into a Non-Competition Agreement. Marlite Claims that Mr. Eckenrod breached his obligations under the Non-Competition Agreement by (i) competing directly or indirectly with Marlite by selling slatwall in Florida from the date he entered into the Non-Competition Agreement to the present, (ii) contracting with or otherwise selling slatwall to sales representatives and/or distributors of Marlite from the date he entered into the Non-Competition Agreement to the present and (iii) using Confidential Information for his benefit and the benefit of Modular from the date he entered into the Non-Competition Agreement to the present.

## JURY INSTRUCTION NO. 8

A contract is defined as an agreement between two or more parties who promise to each other to do or refrain from doing a particular, lawful thing. In order for there to be a contract, both parties must agree to the same terms. Therefore, when one party makes an offer to another party, the party receiving that offer must accept the terms of that offer as given to it, and, if it changes the terms of that offer, communicate those changes to the party who initiated the offer, there is no mutual consent sufficient to create a contract unless the proposed changes are agreed to by both parties.

If a contract existed then the issue for your determination is whether or not either party in this case breached its contract. The term "breach" as applied to contract law is defined as a failure to perform any promise or duty which forms the whole or a part of the contract. A breach may also include the refusal of a party to the contract to recognize its existence or the doing of some act which is inconsistent with the terms of the contract.

Thus, a breach of contract is a legal term which means that one of the parties to a contract failed to keep a promise made in the contract.

As to Count 6 alleging the breach of the non-competition agreement, you may not consider prior understandings and negotiations between Defendant Eckenrod and Plaintiff Marlite for purposes of interpreting the terms of the parties' contract. The contract speaks for itself. Side agreements, negotiations or conversations that took place before or at the time the contract was signed cannot be considered.

9

## JURY INSTRUCTION NO. 9

A contract between the parties contains the legally enforceable promises that each party made to the other. You are instructed that the parties are presumed to have read and understood the terms and conditions in the contract and are each bound by them.

Every contract in Florida has an implied covenant or agreement of good faith and fair dealing, whether or not set forth in the contract. Good faith means honesty in the conduct of contractual relations and a party's good faith cooperation is an implied condition precedent to performance of a contract and where that cooperation is unreasonably withheld, the recalcitrant party cannot avail himself of his own wrong doing. The covenant of good faith protects the reasonable expectation of the contracting parties in light of their express agreement. The duty of good faith incorporated into each contract assures that neither party acts in a manner that destroys the rights or interests of the other party to the agreement.

However, the law does not recognize a claim for breach of the implied covenant of good faith and fair dealing absent a breach of an express contractual provision.

When two parties enter into a contract, each becomes obligated under the law to permit the other to perform the contract without interference. That is, each party must reasonably avoid any action that would effectively hinder, obstruct or prevent the other party from undertaking or completing whatever the other party agreed to do.

10

## JURY INSTRUCTION NO. 10

### Tortious Interference with Contract

Marlite asserts that Mr. Eckenrod, individually and through Modular Wood Systems Inc. ("Modular"), tortiously interfered with the contractual relationship between Marlite and Precision Wood Products Inc. under the Asset Purchase Agreement. Specifically, Marlite claims that Mr. Eckenrod, through Modular, sold slatwall in competition with Marlite's business in Florida from the time Marlite acquired the assets of Precision on January 31, 2006 to the present and that such conduct was a violation of the restrictions against competition in the agreement. For his part, Mr. Eckenrod claims he was legally justified in competing with Marlite in Florida and, therefore, cannot be liable to Marlite on this claim. In reaching a determination on this claim, you must decide each of the following elements:

1.) whether a contract existed between Marlite and Precision

2.) whether Mr. Eckenrod knew of the agreement between Marlite and Precision

3.) whether he intentionally interfered with the agreement;

4.) whether Mr. Eckenrod's interference with the agreement was improper; and,

5.) whether Mr. Eckenrod's interference caused damage to Marlite.

A person interferes with a contract between two parties if he induces or otherwise causes one of them to breach or refuse to perform the contract.

In order to find that Mr. Eckenrod interfered with Marlite's agreement with Precision by causing a breach of the asset purchase agreement, you must determine whether Modular breached Mr. Eckenrod's Non-Competition Agreement. Intentional interference with another party's contract is improper. Interference is intentional if the person interfering knows of the contract

11

with which he is interfering, and desires to interfere or knows that interference is substantially certain to occur as a result of his action.

If the greater weight of the evidence does not support Plaintiff Marlite's claim, then your verdict should be for Defendant Eckenrod. However, if the evidence does support Marlite's claim, then your verdict should be for Plaintiff Marlite and against Defendant Eckenrod.

## JURY INSTRUCTION NO. 11

### Fraudulent Inducement

Marlite has sued Defendant Eckenrod alleging certain representations and omissions of fact related to the activities of Modular Wood Systems Inc. in the State of Florida that were allegedly made by him and that Marlite claims were false. Marlite claims that had it known Defendant Eckenrod's statements and omissions were false, it would not have entered into the contract to purchase Precision.

In an unrelated case involving other claims, a separate jury found that Eckenrod was the sole owner of Modular, and that Modular was an affiliate of Precision, and that Modular and Precision were under the common control of Mr. Eckenrod. Therefore, it is up to you, as jurors, to decide if Eckenrod made any representations to Marlite about Modular's slatwall sales in Florida and whether he had any authority to make representations on behalf of Precision regarding the sale of the company's assets.

To win on a claim for fraud in the inducement, Marlite must demonstrate

      (1) that Defendant Eckenrod misrepresented a material fact,

      (2) that he knew the fact to be false,

      (3) that he made the representation to induce Marlite to rely on it; and

      (4) that Marlite suffered damages in justifiable reliance on the representation.

If you find that Eckenrod made a misrepresentation of a material fact, either through an affirmative statement or an omission of fact, you must also decide whether Eckenrod had authority to make representations on behalf of Precision in connection with the Precision transaction. A material fact is one that is of such importance that Marlite would not have entered

into the contract but for the false representation.

Remember that fraudulent inducement involves conduct before the parties enter into a contract and the claim is simply that one party tricked the other into contract. If you find that the greater weight of the evidence supports Marlite's claim for fraudulent inducement, then your verdict should be for Marlite. However, if the greater weight of the evidence does not support Marlite's claim for fraudulent inducement, then your verdict should be for Defendant Eckenrod.

## JURY INSTRUCTION NO. 12

### Negligent Misrepresentation

Marlite also asserts a claim for negligent misrepresentation against Mr. Eckenrod because of certain representations and omissions of fact related to the activities of Modular Wood Systems Inc. in the State of Florida that were allegedly 0made by him and that Marlite claims were false. To prevail on its claim for negligent misrepresentation, Marlite must demonstrate (1) that Mr. Eckenrod misrepresented a material fact, (2) that he made the representation to induce Marlite to rely on it; and (3) that Marlite suffered damages in justifiable reliance on the representation.

If you find that Eckenrod made a misrepresentation of a material fact, either through an affirmative statement or an omission of fact, you must also decide whether Eckenrod had authority to make representations on behalf of Precision in connection with the Precision transaction.

If you find that the greater weight of the evidence supports Marlite's negligent misrepresentation claim, then your verdict should be for Marlite. However, if the greater weight of the evidence does not support Marlite's claim for negligent misrepresentation, then your verdict should be for Mr. Eckenrod.

## JURY INSTRUCTION NO. 15

**Legal Cause of Loss**

You must consider whether Marlite's reasonable reliance, if any, on the false representation of material fact, if any, was the legal cause of some injury. A false representation of material fact is a legal cause of a claimed loss if it directly and in natural and continuous sequence produced or contributed substantially to producing such loss, so that it can reasonably be said that, but for the false representation, the loss would not have occured.

## JURY INSTRUCTION NO. 16

### Duty to Deliberate

Any verdict you reach in the jury room must be unanimous. In other words, to return a verdict, you must all agree. Your deliberations will be secret; you will never have to explain your verdict to anyone.

It is your duty as jurors to discuss the case with one another in an effort to reach agreement if you can do so. Each of you must decide the case for yourself, but only after full consideration of the evidence with the other members of the jury. While you are discussing the case, do not hesitate to re-examine your own opinion and change your mind if you become convinced that you were wrong. But do not give up your honest beliefs solely because the others think differently or merely to finish the case.

Remember, than in a real way, you are judges--judges of the facts. Your only interest is to seek the truth from the evidence in this case.

# JURY INSTRUCTION NO. 17

## Verdict

When you get to the jury room, choose one of your members to act as foreperson. The foreperson will direct your deliberations and will speak for you in court.

A **verdict form** has been prepared for your convenience.

Take the verdict form with you to the jury room. When you have all agreed on the verdict, your foreperson must fill in the form, sign it, date it and carry it. Then, you will return it to the courtroom.

If you wish to communicate with me at any time, please write down your message or questions and give it to the court security officer, who will bring it to me. I will respond as promptly as possible -- either in writing or by talking to you in the courtroom. But I caution you not to tell me how many jurors have voted one way or the other at that time.